## McQuale *v.* North American Smelting Company, Appellant.

*Landlord and tenant—Sale of property—Conversion—Replevin.*

Where a tenant of a building after the termination of his lease is permitted by subsequent tenants and the owner to continue to keep in the cellar of the building metal plates and to retain the key of the cellar, and the plates are sold by an employee of the owner, the purchaser is liable to the tenant although he had no knowledge of the wrongful conversion.

Argued Jan. 11, 1904. Appeal, No. 278, Jan. T., 1903, by defendant, from judgment of C. P. No. 5, Phila. Co., Dec. T., 1902, No. 2292, on verdict for plaintiff in case of Elizabeth McQuale *v.* North American Smelting Company. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ. Affirmed.

Replevin for metal plates. Before DAVIS, J.

At the trial it appeared that plaintiffs had been tenants of the property 912 and 914 Race street, Philadelphia. They discontinued their tenancy in 1897, but continued to keep stored in the cellar certain metal plates. They retained the keys of the cellar, and no objection was made either by the owner or subsequent tenants. In 1903 one Schleich, a workman of the owner, in cleaning out the cellar removed the plates and sold them to one Loftus, who in turn sold them to defendant. Neither Loftus nor the defendant knew of the unlawful conversion by Schleich. The court gave binding instructions for plaintiff.

Verdict and judgment for plaintiff. Defendant appealed.

*Error assigned* was in giving binding instructions for plaintiff.

*Howard A. Davis*, for appellant.

*Edward W. Kuhlemeier*, for appellee.

PER CURIAM, April 11, 1904:

The property admittedly belonged to the plaintiffs when they

placed it in the cellar, and they have done nothing since to divest the title. It is true they left it on the premises after their lease had expired and they had given up possession, but abandonment cannot be inferred because they retained the key of the cellar and the control of the property, with the knowledge, and it must be assumed with the consent, of the lessor. The question of good faith in the purchasers does not arise. They bought what their vendor had no right to sell, and however innocent they got no title as against the real owners.

Judgment affirmed.