[Civil No. 1358.   Filed June 29, 1914.]

[141 Pac. 726.]

H. C. MEYER, Appellant, v. F. W. BIGHAM, Appellee.

1. APPEAL AND ERROR—NOTICE OF APPEAL—SUFFICIENCY.—Notice of appeal given in open court and entered in the minutes, together with the filing of an appeal bond describing the judgment and the order overruling the motion for a new trial and reciting an appeal therefrom, was sufficient, and gave the supreme court jurisdiction.

2. REPLEVIN—RIGHT OF ACTION—POSSESSION.—The action of replevin rests upon the defendant's wrongful detention of the property involved and plaintiff's legal right to its immediate possession; it is not a chancery proceeding and will not lie to correct, modify or cancel a contract.

   [As to when replevin is sustainable, see note in 80 Am. St. Rep. 741.]

3. REPLEVIN—PLEADING—PROOF AND VARIANCE.—In replevin, where the complaint contained the ordinary allegations necessary to such action, which were put in issue by defendant claiming under a bill of sale from the plaintiff, the execution of which was not denied, the issues in the case would not permit plaintiff to show mistake on his part and fraud or inequitable conduct on the part of the defendant by which an instrument intended to be a chattel mortgage of the property became a bill of sale, so as to make the action in effect one to reform the bill of sale into a chattel mortgage and to enforce it as reformed.

APPEAL from a judgment of the Superior Court of the County of Maricopa.  J. C. Phillips, Judge.  Reversed and remanded.

The facts are stated in the opinion.

Mr. M. J. Dougherty, Mr. F. M. Ward and Messrs. Stanford, Walton & Townsend, for Appellant.

Mr. B. E. Marks, for Appellee.

FRANKLIN, C. J.—This is an action to recover the possession of certain personal property, with damages for wrongful detention. The appellee had judgment, and the appeal is from the judgment and order overruling appellant's motion for a new trial.

It is urged that this court has no jurisdiction to review this case because of the insufficiency of the notice of appeal. The appellant gave notice of appeal in open court which was entered in the minutes of the court, and thereafter filed his bond on appeal, which bond particularly described the judgment and order overruling the motion for a new trial and recited an appeal from such judgment and order. We think appellant has substantially complied with the law and this court has jurisdiction.

The complaint contains the ordinary allegations necessary in a replevin suit, and such allegations were put in issue by the defendant. To overcome the plaintiff's proof of ownership and right to the immediate possession of the property, the defendant put in evidence a bill of sale given by plaintiff to the defendant covering the property in controversy. The bill of sale was duly acknowledged and recorded. Omitting the certificates of acknowledgment and recordation, the bill of sale is as follows:

"Bill of Sale.

"Know all men by these presents, that F. W. Bigham, of Phoenix, Arizona, the party of the first part, for and in consideration of the sum of one hundred sixty-seven ($167.00) dollars, gold coin of the United States of America, to him in hand paid by H. C. Meyer, of Higley, Arizona, the party of the second part, receipt whereof is hereby acknowledged, does by these presents grant, bargain, sell and convey unto the said party of the second part, his executors, administrators and assigns, one '23' Star well drilling outfit together with all appurtenances and appliances connected therewith, or incidental thereto. To have and to hold the same to the said party of the second part, his executors, administrators and

assigns forever; and I do for myself, my heirs, executors, and administrators covenant and agree to and with the said party of the second part, his executors, administrators and assigns, to warrant and defend the sale of said property, goods and chattels hereby made unto the said party of the second part, his executors, administrators and assigns, against all and every person and persons whomsoever, lawfully claiming or to claim the same. In witness whereof, I have hereunto set my hand this 2d day of February, A. D. 1912.

"F. W. BIGHAM."

The plaintiff did not deny the execution of the bill of sale, but proceeded upon the theory that, while admitting the fact of its execution, he had a right to show mistake on his side and fraud or inequitable conduct on the part of the defendant which resulted in making what he intended to be a chattel mortgage of the property a bill of sale thereof. In other words, that by his complaint containing only the ordinary allegations in replevin, its scope was broad enough to entertain a suit to reform the bill of sale into a chattel mortgage, and, also, to enforce it as reformed. The trial court also adopted the theory of plaintiff, and together they went far afield and entirely beyond the scope of the issues as framed by the pleadings. Thus an action at law to recover the possession of personal property was converted into a chancery proceeding to reform a written instrument and then enforce it as reformed. The consequence being that, after a lengthy trial to a jury, we have the result presented here in a voluminous record which contains most every matter except that essential to the right of the plaintiff to prevail in this action, to wit, the wrongful detention by the defendant of the property in controversy, and the right to its immediate possession by the plaintiff. It is a fundamental principle governing lawsuits that the issues must be confined to those framed by the pleadings, and that no relief may be given inconsistent with the case made by the pleadings.

"The well-settled principle that evidence which tends to prove or disprove an issue presented by the pleadings should be admitted, and that evidence of matters not put in issue by the pleadings should be excluded applies in actions of replevin." 34 Cyc. 1497.

"The ordinary action of replevin will not lie to correct, modify or cancel a contract. It is not a chancery proceeding. Its purpose is to take the property from one who wrongfully withholds it, and to give it to another, who has a plain legal right thereto. It is true that a vendor may replevin goods from a vendee who, by false and fraudulent representations, has obtained the same upon the theory that, by reason of the fraud, there was no contract made, and the goods remained the property of the vendor. But this is not that kind of a case." *Penton* v. *Hansen,* 13 Okl. 450, 73 Pac. 843.

The appellee does not deny the execution of the bill of sale, but seeks to avoid its legal effect and operation by showing that the contract which he made was, in fact, different from the one he intended to make. The issues of this case will not permit of such a proceeding. So long as the bill of sale remains in force, the defendant is entitled to the possession of the property under it, and plaintiff cannot maintain this action.

The judgment is reversed and the cause is remanded, with directions to dismiss the case, but without prejudice to any other action, either legal or equitable, to which the plaintiff may be entitled.

CUNNINGHAM and ROSS, JJ., concur.