[Civil No. 1677. Filed May 21, 1919.]

[180 Pac. 910.]

## J. P. YATES, Appellant, v. WILLIAM F. RUSSELL, Appellee.

1. TRIAL—QUESTION OF LAW—REAL PARTY IN INTEREST.—Where the facts are undisputed, it is a question of law whether plaintiff is the real party in interest.

2. PARTIES—REAL PARTY IN INTEREST.—Action of replevin for an automobile was properly brought by agent of company insuring the former owner against theft, to whom, after theft of the car and payment of the policy by the insurer, such owner had assigned its conditional contract of sale and all moneys payable thereunder;

he being the real party in interest, either as owner of the auto-
mobile and the contract, or, having accepted the assignment "for
the benefit of another," as trustee of an express trust and author-
ized to sue, under Civil Code of 1913, paragraph 401.

3. SALES—STOLEN PROPERTY.—Whether the act of depriving the owner
of his property be straight larceny, or conspiracy and larceny com-
pounded, it would be as futile in one case as the other to pass title
from the owner.

4. SALES—STOLEN PROPERTY—BONA FIDE PURCHASER.—The good faith
or honesty of purpose of one purchasing a stolen automobile is
immaterial.

5. PLEADING—NECESSITY OF PROOF—MATTERS NOT DENIED.—Matters
well pleaded, and not denied in the answer, need not be proved
by plaintiff.

6. PLEADING—MATTERS TO BE PROVED — ADMISSION BY FAILURE TO
DENY.—In action of replevin for automobile, it was not necessary
for plaintiff to prove defendant was in possession of the car when
suit was instituted, where defendant did not deny it was in his
possession, but his denial was limited to the character of his pos-
session; he stating in his answer that it was not unlawful.

7. REPLEVIN—NECESSITY OF DEMAND.—In replevin for automobile, no
formal demand was necessary before suit, where it appeared plain-
tiff had made repeated efforts to obtain the car from defendant
before suing.

[As to necessity of demand in replevin, see note in 80 Am.
St. Rep. 753.]

APPEAL from a judgment of the Superior Court of the
county of Maricopa. R. C. Stanford, Judge. Reversed and
remanded, with directions.

Messrs. Kibbey, Bennett & Curtis, for Appellant.

Messrs. Niles & Shepherd and Mr. F. Louis Zimmerman,
for Appellee.

ROSS, J.—This is an action in replevin for an Interstate
touring car, brought by J. P. Yates, as plaintiff, against
William F. Russell, as defendant.

As defenses to the action, defendant set forth in his answer:
(1) That plaintiff was not the real party in interest, but only
the agent of the real party in interest, to wit, the Orient
Insurance Company. (2) "Denies expressly and specifically
that he is in the possession of said automoble unlawfully."

(3) Denies that demand for possession was made before suit was brought. By his cross-complaint he asserts he is the owner and entitled to the possession of the automobile; that plaintiff had wrongfully and unlawfully, by means of a search-warrant, forcibly caused the automobile to be taken from his possession, and immediately thereafter, without restoring it to his possession, had wrongfully, willfully, spitefully and unlawfully, and to defendant's humiliation and worry, secured a writ of replevin to be levied thereon, "for the purpose of seizing said automobile and causing the same to be taken and detained from defendant's possession." He asked damages in the sum of $2,000 for humiliation suffered by reason of the taking of the automobile from his possession, and for the deprivation of its use for business purposes and for the pleasure of himself and family, and $500 for annoyance of lawsuit, attorney's fees, court costs, etc.

The case was tried to a jury, the verdict being for the return of the automobile, valued at $625, to defendant, and damages to defendant in the sum of $575. Upon this verdict judgment was rendered in favor of defendant and against plaintiff for $625, the value of the automobile, and damages in the sum of $507; the defendant having remitted $68 from the damages assessed by the jury, and for costs taxed at $91.75. From an order overruling a motion for a new trial, and from the judgment, the appeal is prosecuted.

There are several assignments of error, but we will confine ourselves to a consideration of those based upon two instructions given to the jury, and to the one to the effect that the verdict is contrary to the law and the evidence.

The appellant's theory of the case was that the automobile had been stolen from the owner in California, and brought by the thief to Arizona, and sold to the appellee. The undisputed evidence to sustain that theory was that one Joe Wilson, in March, 1917, under a conditional contract of sale from the Wright Motor Car Company, of Los Angeles, described as the owner, came into the possession of the automobile in question under an agreement that the title to said car should remain in the Motor Car Company until the full purchase price was paid; that on June 9, 1917, and before Wilson had paid for the car, and while the title thereto was in the Motor Car Company, the car was stolen from the streets of Los

Angeles; and that on June 14, 1917, one W. F. Mann, in Phoenix, Arizona, sold it to the appellee.

While it was stated by a witness that it was reported or suspected that Joe Wilson and Mann had colluded to defraud the insurance company, Wilson's testimony positively refutes it, and there is nothing in the record to confirm it. At all events, there is not a scintilla of evidence that Mann obtained possession of the car with the owner's consent, but the evidence points to a theft, and to him as the thief.

The undisputed evidence of appellant's ownership and right to the possession of the car at the time of the institution of the suit is as follows: It was a requirement of the conditional contract of sale that the purchaser, Joe Wilson, should insure the automobile against theft, fire, etc., for not less than $800, the policy to be retained by the Motor Car Company. A policy for that amount was taken out with the Orient Insurance Company. After the car was stolen, appellant, who is the general agent of the Orient Insurance Company, paid the Motor Car Company the policy of insurance by draft drawn on the insurance company, whereupon the Motor Car Company indorsed on the conditional contract of sale an assignment of said contract and all moneys payable thereunder to appellant, Yates, thus subrogating Yates, either as trustee for the Orient Insurance Company or in his own right, to the rights of the Motor Car Company in said conditional contract of sale.

The court, by an instruction, left to the determination of the jury under the facts detailed whether the appellant was the real party in interest, advising the jury that if they found the Orient Insurance Company to be the real party in interest, and not Yates, their verdict should be for the defendant. The appellant contends that the giving of this instruction was error because, the facts being undisputed, it was a question of law as to whether appellant was the real party in interest, and we think in this he is right. Appellant was either the owner of the automobile and the conditional contract, or in his name he had accepted the assignment of the contract "for the benefit of another," to wit, the Orient Insurance Company. If he was the owner, of course he could maintain the suit, and if the assignment to him was for the benefit of the insurance company, he was, under the terms of the statute (paragraph 401, Civil Code 1913), a trustee of an express trust and authorized to sue (*Shroufe* v. *Soto Bros.,*

5 Ariz. 10, 48 Pac. 221; *Leon* v. *Citizens' etc. Assn.*, 14 Ariz. 294, Ann. Cas. 1914D, 1151, 127 Pac. 721). We think the jury should have been told appellant, under the facts admitted and undisputed, was the real party in interest and authorized to maintain the action, instead of what was told them.

The giving of the following instruction is assigned as error:

"I further instruct you, gentlemen of the jury, that if you find and believe from the evidence that one Walter F. Mann and Joe Wilson, the owner of the car in question, if such you find him to be, conspired to defraud the Orient Insurance Company of the proceeds of an insurance policy issued by said company on said car, then as a matter of law the said automobile cannot be characterized as a stolen automobile, and if the defendant herein purchased the same in good faith, for a valuable consideration, and without notice of the said fraud, if you so find, then your verdict on the issues of ownership and right to possession must be for the defendant."

We think this instruction is erroneous for at least three reasons: First, because there was no competent evidence of any collusion or conspiracy between Wilson and Mann to defraud the insurance company; and, second, if there was, that could not affect the rights of the Motor Car Company or its assignee. Whether the act of depriving the owner of his property be straight larceny, or conspiracy and larceny compounded, it would be as futile in one case as the other to pass title from the owner. The good faith and honesty of purpose of appellee, in purchasing the car from Mann, if it was a stolen car, does not enter into the case. He may have been ever so honest, and paid full value and still acquire no interest or title in the automobile against its true owner. Indeed, the record convincingly shows that appellee, in the purchase of the car, believed he was dealing with the rightful owner thereof.

"The question of good faith in the purchaser does not arise. They bought what their vendor had no right to sell, and, however innocent, they got no title as against the real owners." *McQuale* v. *North American Smelting Co.*, 208 Pa. 504, 57 Atl. 984.

"A *bona fide* purchaser is not protected as against the claim of the owner, where the seller has obtained possession of the property by wrongful acts, if without any delivery by or consent on the part of the owner, as where the goods were

obtained by means of a trespass. The rule has also been laid down that a *bona fide* purchaser is not protected where his vendor obtained the goods by means of a felony. . . . '' 35 Cyc. 361.

Third, the instruction was faulty in being hypothesized on Wilson as owner of the car. There was no contention anywhere that Wilson was the owner of the car, the whole evidence being that he was only a contractor to purchase. The only possible evidence upon which the instruction could be based is a statement by Wilson in answer to a question, wherein he said: ·

"I own the Interstate touring car described in this contract [conditional sale contract], and am the Joe Wilson described therein."

A reference to the contract shows the kind of ownership he claimed, and precludes the idea that he claimed to own the title to the car. His answer in legal effect was that he had the ownership acquired by a purchase under a conditional contract of sale, and none other.

Both the above instructions were calculated to, and doubtless did, mislead the jury, and, but for them, it can be easily surmised the verdict would have been for appellant. As we have seen, the uncontradicted evidence was that he was the owner of the automobile, and that it was stolen from his assignor, or taken from him without his knowledge or consent. In either event, he could not be deprived of his property.

It is contended by appellee that, before the action of replevin will lie, it is indispensably necessary that it be alleged and proved that, at the time of the institution of suit, defendant was in the possession of the thing sought to be replevied. There is a rule of evidence which obviates proof of those things well pleaded and not denied in the answer. The appellee does not deny the automobile was in his possession; his denial being limited to the character of his possession, he stating in his answer that it was not "unlawful."

It is next argued that the appellant ought not to succeed, because he failed to prove a demand before instituting the suit. If it be granted that a demand was necessary in this character of case, the record is replete with efforts on the part of appellant to obtain the car before he instituted his replevin suit.

.  From what we have said, it is clear the verdict and judgment were contrary to law and the evidence.  If the appellant was the owner of the car, and of that there is no question, then he was entitled to its possession, and, being forced to resort to the courts and legal process to recover its possession, he is not liable for damages on account of humiliation or otherwise, as claimed in appellee's cross-complaint.

We think, in view of the undisputed evidence and the law, the judgment of the trial court should be reversed and the cause remanded, with directions that further proceedings be had in conformity with this opinion; and it is accordingly so ordered.

CUNNINGHAM, C. J., and BAKER, J., concur.