[Civil No. 1991.   Filed December 15, 1922.]

[210 Pac. 850.]

## CONSOLIDATED NATIONAL BANK OF TUCSON, Appellant, v. C. J. CUNNINGHAM, Appellee.

1. REPLEVIN—AFFIDAVIT MUST ALLEGE VALUE OF PROPERTY TO DETERMINE AMOUNT OF BONDS.—The affidavit in replevin proceedings to obtain immediate possession is ancillary to the main action and not essential to it; it must, however, in view of Civil Code of 1913, paragraph 1604, contain an allegation of the value of the property.

2. REPLEVIN — VALUE OF PROPERTY MUST BE DETERMINED AS OF THE DATE OF TRIAL WHEN ALTERNATIVE JUDGMENT RENDERED FOR PARTY NOT IN POSSESSION.—Where a judgment is rendered for one not in possession for both the property and its value requiring him to elect within a certain time which he will take, such judgment must contain a finding as to the value of the property which is to be determined as of the date of trial, and under Civil Code of 1913, paragraph 1613, judgment shall also include any damages which may have been suffered from the wrongful seizure of the property.

3. PLEADING — WHERE ALTERNATIVE JUDGMENT IN REPLEVIN NOT SOUGHT, ALLEGATION OF VALUE IN COMPLAINT IS IMMATERIAL AND NOT BINDING ON PLEADER.—Since the value of property sought to be replevied at the time of trial often varies from its value at the time of commencing the action, and since the material value is that on the date of trial, a statement in the complaint or affidavit of the value at any other time is immaterial and not bind-

ing upon the pleader, who should be permitted to show valuation at the time of trial notwithstanding such pleading.

4. PLEADING—WHERE VALUE OF PROPERTY AT COMMENCEMENT OF AC-
   TION IS MATERIAL, ALLEGATION OF VALUE IN COMPLAINT IS BIND-
   ING.—Where the valuation of property at the commencement of a
   trial is material, an allegation of such value in the complaint,
   whether admitted or merely uncontroverted, is binding upon the
   pleader.

APPEAL from a judgment of the Superior Court of the County of Pima. Samuel L. Pattee, Judge. Reversed and remanded.

Mr. Francis M. Hartman, for Appellant.

Messrs. Wright & Darnell, for Appellee.

McALISTER, J.—In this action the Consolidated National Bank of Tucson seeks to recover from C. J. Cunningham the possession of a 1914 model Cadillac automobile or its value. It obtained possession of the car by filing the required affidavit and bond, but the jury by its verdict said that the defendant, Cunningham, was its owner and entitled to its possession, and that its value at the time of the commencement of the action was $1,000, and in pursuance of the right conferred by paragraph 1614, Civil Code of 1913, he elected to take its value instead of the car itself, whereupon judgment was entered in his favor for this sum. From this judgment the bank appeals.

The complaint alleges that "the actual value of said property is approximately the sum of $1,000," and the affidavit and bond are to the same effect, while the answer contains an allegation that its actual value is $1,200. One of appellant's witnesses, a garageman, testified, however, that "at the present time I would not give $200 for it," and immediately afterwards he was asked on cross-examination:

"At the time you took the car under the orders of the sheriff before the boost in automobile prices, what was it worth?"

Then this colloquy followed:

"The Court: Gentlemen, aren't you bound by these allegations on that question?

"Mr. Wright: I think so.

"Mr. Hartman: I don't think so.

"Mr. Wright: If they allege a thousand dollars, they can't go back on that.

"The Court: You can't allege it is worth a thousand and then seek to prove it was worth less."

At the conclusion of the evidence the court charged the jury, in part, as follows:

"Another question that you will have to pass upon is the value of the property. The plaintiff in its affidavit, which is filed in this case, and in its complaint, says the property is worth a thousand dollars. The defendant says it is worth $1,200. Both parties are bound by their statement, and the jury, of course, is bound by the issues presented by the pleadings. So that while it is for you to find the value of the property, under the pleadings in this case you cannot find it to be less than a thousand dollars nor more than $1,200, within that narrow margin. You can find either one of those figures or anywhere between them, accordingly as you think the evidence warrants. You will find that value and insert it in the form of verdict to be furnished you. . . .

"If you find for the plaintiff, the form of your verdict will be: 'We, the jury, duly impaneled and sworn, upon our oaths, do find that the plaintiff is the owner of the property described in the complaint, and that it was at the time this action was brought entitled to its possession, and that the value of said property at the time this action was commenced was the sum of' blank dollars, inserting the value that you find of the property at the time the suit was commenced."

Appellant contends that the first instruction, upon which its chief assignment is based, is erroneous for the reason that the plaintiff in a replevin action is not bound by his allegation of the value of the property sought to be recovered, but is permitted to show by testimony that it is less than that alleged, and this notwithstanding the answer admits the valuation placed upon it in the complaint. It is true the answer does not contain a specific admission to this effect, but one is necessarily included in the allegation that the actual value is $1,200. The contention of appellee is based upon the proposition that one is bound by his pleading. This is the rule in most cases, and rightly so, because one should not be permitted to prove that something which he has alleged to be true is in fact, untrue, since the other party may have gauged his actions in accordance with the pleading. To permit him to "change front" in this manner at the trial would in many cases operate to his opponent's disadvantage. It is only where the allegation is material, however, that any harm might result; hence it is necessary to determine if it is essential to plaintiff's cause of action that the value of the property be stated in the complaint.

The statute is silent as to the facts a complaint seeking the recovery of specific property shall contain, but it does provide what an affidavit shall show when the plaintiff desires to take immediate possession, and the value of the property is one of the things enumerated. Paragraph 1604, Civ. Code 1913. But the affidavit forms no part of the complaint, for whether a cause of action has been stated must be determined by the averments of the latter unaided by the affidavit, the proceedings to obtain possession being ancillary to the main action and in no sense essential to it. *Jantzen* v. *Emanuel German Baptist Church,* 27 Okl. 473, Ann. Cas. 1912C, 659, 112 Pac.

1127. A statement of the value in the affidavit is only for the purpose of fixing the amount of the replevin and redelivery bonds. It is obvious that value is immaterial, except to the extent of conferring jurisdiction, where the action is to recover possession of specific property and no alternative judgment is asked; and the same is true, so far as the plaintiff's cause of action is concerned, where it is sought to recover possession or the value and the plaintiff obtains possession under his affidavit and bond retaining it until the trial, for the only judgment which could then be rendered in his favor would be one confirming his ownership and right to possession, because the statute makes no provision for a judgment for the value of the property in behalf of a plaintiff in possession.

It is true, a judgment against a plaintiff, or defendant either, in possession, should be for both the property and its value, the successful party electing within a certain time which he will take. But as a basis for such a judgment the statute provides that the court or jury, whichever tries the issue, shall find the value of the property, and in determining this the question naturally arises: Since the market price of many classes of personal property fluctuates greatly and depreciation of others from various causes frequently occurs, which shall it be—the value at the time of taking or at the time of trial? This inquiry was answered by the territorial Supreme Court in *Gray* v. *Robinson*, 4 Ariz. 24, 33 Pac. 712, in the following language:

"Appellants complain that the trial court assessed the value of the property at the time of the trial, and not at the time of taking. We find no error in the ruling of the court in this respect. Whatever may be the rule in the ordinary action of replevin, under statutes similar to our own, which provide for

an alternative judgment for the return of the property or payment of its value, the rule generally applied is to assess the value of the property at the time of trial. *Brewster* v. *Silliman,* 38 N. Y. 423; *Pope* v. *Jenkins,* 30 Mo. 528; *Lambert* v. *McFarland,* 2 Nev. 58; *Carson* v. *Applegarth,* 6 Nev. 187.''

When this decision was rendered, title 10 of the statutes of 1887, designated ''Claim and Delivery,'' was in force, and it was practically a rescript of the replevin statute of Missouri. In 1901, however, some of its provisions were modified and, as modified, carried forward into the Code of 1913 as chapter 10, part 9, title 6, under the heading ''Replevin''; but the changes were not such as to lessen the weight of this holding as authority on this proposition. It was required then, though not in the exact language of the present statute, that the trier of the facts, whether court or jury, find the value of the property where the claim of the party out of possession was established, and that the judgment be for the possession or the value at his election. There is no difference in effect, however, between a judgment for the property or its value at the election of the successful party, and one for both the property and its value where the statute requires an election within a certain time afterwards to make the award effective. If the successful party elect to take the alternative judgment, title vests immediately in the loser, and though it has been determined that the party out of possession is the owner and entitled to the property, yet the law compels the loser to purchase it, if the winner so chooses, at the value fixed by the judgment. An exchange or sale of this character, though forced, should be fair and equitable, and it is evidently the intent of the statute that this result is had by using the valuation at the time of trial rather than that at the time of taking; and that

any loss in value during this period, due to any act of the plaintiff, should be included in the "damage the defendant may have suffered for wrongful seizure of the property," which the statute provides the court or jury shall find.   Paragraph 1613, Civ. Code 1913.

Another very persuasive reason why value, which is in no sense the real issue but stated merely for the purpose of an alternative judgment, should be found as of the date of trial, is that replevin actions are often instituted and the affidavit and replevin bond filed in haste, when the plaintiff has not the time to ascertain the value with sufficient accuracy to enable him to state it correctly, either in the complaint or the affidavit; and frequently the spirit of the party in possession is so antagonistic that it is practically impossible and perhaps unwise to attempt to investigate it.   It seems unreasonable and unfair, in view of these facts, to compel the plaintiff to state at his peril in advance and with exactness the value of the property and prevent him from showing afterwards for any purpose whatever its true value merely because he has alleged it to be a certain amount, notwithstanding the circumstances may have been such that he could not have known it fully or accurately.   Value alleged in the complaint is at best an admission of value at the time of the commencement of the action, and if there is no evidence of a change between then and the date of trial, it might seem proper to give effect to the admission as fixing the value at the time of the institution of the action; but in order "to give effect to the intent and spirit of the statute, and secure a just and fair alternative judgment thereunder," said the St. Louis Court of Appeals in *Ferguson* v. *Comfort,* 194 Mo. App. 423, 184 S. W. 1192, "nothing short of an unequivocal admission of the value at the time of

the trial should be permitted to take the place of an actual assessment by the jury which the statute contemplates (see section 2647, Rev. Stats. 1909), where evidence of such value is produced, or preclude the consideration of such evidence by the jury.'' The section referred to, 2647, and paragraph 202 of the Arizona Statutes of 1887, are identical, and paragraph 1613 of our present Code is, so far as the point at issue is concerned, merely a combination of paragraphs 202 and 203 of the '87 Code.

Since, therefore, valuation at the commencement of the action and at the time of the trial are so often not the same, and in finding the value the court or jury is to be guided by its worth at the date of trial, a statement in the complaint or affidavit of the value at any other time is immaterial and not binding upon the pleader. The plaintiff should have been permitted to show the valuation at the time of trial, a fact he could not foresee at the institution of the suit; hence the instruction that the jury should find the value to be at least $1,000, the amount alleged and admitted, was error. If the value of the property at the commencement of the trial had been material, undoubtedly appellant would have been bound by its allegation, and, since it was admitted, no proof of it would have been necessary, *Perley* v. *Goar*, 22 Ariz. 146, 195 Pac. 532; this would have been true even though the answer, instead of admitting, merely failed to controvert it, for it would then have been treated as admitted, this court having held on numerous occasions, in accordance with the rule prevailing in all jurisdictions where it has not been provided otherwise by statute, that ''there is a rule of evidence which obviates proof of those things well pleaded and not denied in the answer.'' *Yates* v. *Russell,* 20 Ariz. 338, 180 Pac. 910. But an action in replevin is *sui generis,* and the rule that one is bound by his

pleading has no application to an allegation of the value of the property sought to be recovered in such a proceeding. The St. Louis Court of Appeals, in *Ferguson* v. *Comfort, supra,* held this to be correct in the following language, which we approve:

"It is true, as respondent asserts, that one is ordinarily bound by the allegations of his pleading. See *Railroad* v. *Iron Works Co.,* 117 Mo. App. loc. cit. 164, 94 S. W. 726, and cases cited. But the action of replevin is *sui generis,* and the application of this rule to the present case may well be doubted. There is ample authority for holding that in any event the allegation of value in a petition in an action of replevin is to be regarded as a mere matter of form in pleading (see *Bailey* v. *Ellis,* 21 Ark. 488; *Hawkins* v. *Johnson,* 3 Blackf. [Ind.] 46; 18 Ency. Pl. & Pr. 541; Wells on Replevin, 2d ed., § 680); though in some jurisdictions the allegation of value appears to be held material (see 34 Cyc., pp. 1472, 1473). Our statute requires the value to be stated in the affidavit. Section 2637, Rev. Stats. 1909. This serves to fix the amount of the replevin or the forthcoming bond, and is a necessary element of the affidavit. But we take it that it is not material that the petition allege the value. While this by no means concludes the matter before us, we are constrained to hold that the value stated in both the affidavit and petition herein should not be regarded as conclusive on the question of the value of the property at the time of the trial."

There is a lack of harmony in the decisions on this question, the authorities on both views being cited in the Missouri case just quoted; but we think the rule announced in *Gray* v. *Robinson, supra,* and in the Missouri case, is correct under the replevin statute of this state on the proposition of proving the value at the time of trial, and that this holding leads to the result reached on the materiality of the allegation of value.

It is therefore ordered that the judgment of the superior court be reversed and the case remanded for a new trial.

ROSS, C. J., and FLANIGAN, J., concur.