210 P.2d 959

**COFFEY v. WILLIAMS.**

No. 5066.

Supreme Court of Arizona.

Oct. 31, 1949.

Samuel C. Jefferies, of Phœnix, Leslie Parry, of Phœnix, attorneys for appellant.

Cox, Lockwood & Lockwood, of phœnix, attorneys for appellee.

PHELPS, Justice.

This is an action in replevin instituted by George L. Williams as plaintiff (appellee herein) against Thomas J. Coffey, doing business as Truckers' Service Station, defendant (appellant herein), to recover possession of a certain truck upon which appellant had done some repair work. We will hereafter refer to said parties as plaintiff and defendant as they were designated in the trial court.

During the month of September, 1946, plaintiff engaged defendant to repair the truck in question, described as a Dodge 1941 pickup. Some trouble arose over a dishonored check given defendant by plaintiff but this was later settled satisfactorily. Plaintiff again in October, 1946, had defendant to do some further repair work upon said truck, the cost of which amounted to $23.80, and not having the funds with which to pay for said repairs, entered into an agreement with the defendant to assign, and did assign, the title to said truck to defendant as security for said repairs and according to defendant's testimony, said assignment was to secure a loan of $125 to

plaintiff in addition to the charge for truck repairs. Plaintiff denies that he borrowed any money from defendant. There is a conflict in the evidence as to when the amount due defendant was to be repaid. Defendant claims that plaintiff stated if he were not back the following day to repay the amount of the repair bill plus the $125 that defendant loaned him, the truck was to belong to defendant. Plaintiff claimed that there was no time stated when the service charge should be paid. Defendant permitted plaintiff to take the truck out of the garage and to continue to use it in his business. Plaintiff did not return to the shop so far as defendant knew for something over a month. Then only after defendant had gone to plaintiff's home on East Pierce Street in Phœnix, Arizona, and taken possession of the truck and brought it to his garage.

At the time plaintiff assigned the title to the truck to the defendant he also turned over to him a conditional sales contract for the truck which showed a balance due thereon to the finance company of $68.88 which defendant paid. Defendant prior to the time the truck was relocated and without foreclosing his lien on the truck, had taken the title theretofore assigned to him by plaintiff, to the State Highway Department and had the title issued in the name of Truckers' Service Company. The evidence is in conflict as to whether plaintiff tendered defendant the amount he owed him before bringing the action. In the light of the conclusion we have reached, this is immaterial. The evidence further shows that defendant had spent some ten or twelve hundred dollars on repairing said truck after he acquired possession thereof.

The complaint simply alleged that plaintiff was the owner of the truck in question together with certain clothing which he claims was in the truck at the time it was taken by defendant and was entitled to the possession thereof, that it was wrongfully withheld from him by defendant and that it was not held under any lawful writ or process and asked for its return or its value which he placed at the sum of $1,000 and for damages at $20 per day. The defendant answered by filing a general denial. No bond in replevin was placed with the officer and no affidavit was filed with the court pursuant to the replevin statutes to enable plaintiff to procure possession of the truck. The truck therefore remained in the possession of the defendant at all times until the trial. The cause was tried to the court without a jury. The issues were found in favor of the plaintiff, and judgment entered accordingly. From said judgment and the order denying defendant's motion for a new trial an appeal has been prosecuted to this court.

The defendant has presented six assignments of error, the substance of which is (1) that the court erred in finding the issue as to ownership in favor of the plaintiff and against the defendant for the reason that there was insufficient evidence to sup-

port such finding; (2) that it erred in finding the value of the truck to be $1,000 for the reason there was *no* evidence to sustain such finding; (3) that the alternative judgment rendered by the court in favor of the plaintiff was not justified under the law; and (4) that the court erred in permitting plaintiff to introduce evidence showing the circumstances under which defendant came into possession of title to said truck.

We have consistently held that where the evidence is in conflict or where a judgment is reasonably supported by the evidence or supported by sufficient evidence, that the findings and the judgment of the trial court will be upheld. This rule has been so universally adopted by the courts of this country that citation of authority is deemed unnecessary. Defendant bases his contention that the evidence is insufficient to justify the finding and judgment of the trial court as to ownership of the truck upon the theory that in law plaintiff was precluded from showing the conditions under which defendant obtained a certificate of title from the state of Arizona to the truck in question and that the prima facie title thus established may not be rebutted in a replevin action. This contention finds no authority in the reported decisions of this court except in the case of Meyer v. Bigham, 16 Ariz. 212, 215, 141 P. 726, 727, which although not specifically overruled, has never been cited by the court for any purpose whatsoever. On the other hand in the case of Pacific Finance

Corporation v. Gherna, 36 Ariz. 509, 287 P. 304, this court held that where defendant filed a general denial to a complaint in replevin and at the same time filed a cross-complaint setting up facts showing all the transactions between the parties and their assignors tending to establish defendant Gherna's right to ownership and possession sufficiently supplied the deficiency in the general denial and that the court correctly overruled plaintiff's objections to the admission of evidence on the counterclaim. There can be no question but that the evidence showing all the transactions between plaintiff and defendant relative to said truck to establish ownership thereof was admissible and the court correctly admitted the same. Gray v. Robinson, 4 Ariz. 24, 33 P. 712; Gray v. Headley, 35 Ariz. 232, 276 P. 523. That the assignment of the certificate of title to defendant by plaintiff was to secure whatever amount plaintiff owed defendant was proved even beyond a reasonable doubt. Defendant wholly failed to comply with the law to foreclose plaintiff's right of ownership in the truck and to vest title in himself. Instead he presented the certificate of title assigned to him by plaintiff to the Motor Vehicle Department and had certificate of title to said truck issue to Truckers' Service Company which at most was only prima facie evidence of title, subject to rebuttal by plaintiff.

When we consider, however, defendant's claim that there was no evidence to sus-

tain the court's finding and judgment as to the value of the truck at the date of trial, we have an entirely different situation.

The only evidence bearing upon this point is the testimony of a Mr. Bates, a second-hand car dealer, who testified that he sold the truck (then secondhand) to plaintiff seventeen months before the date of trial and had not seen it since; that he had no personal knowledge of the condition of the truck at the date of trial but assuming that it was kept in fair condition, that it would be worth *around a thousand dollars*. This in itself left a margin of speculation for the court. The only evidence introduced which could be considered as tending to show the condition of the truck at the date of trial as compared with its condition on the date of purchase or that it was in a fair condition on the date of trial was the testimony of the plaintiff as follows:

"Q What was its value (meaning the truck) at the time that it was taken from you as compared with when you bought it?

"A It should have been in better shape, I had better tires, I had work done on it; this gentleman did some work on it. I spent about $300 on the truck repairing it and fixing it up. The motor was in good shape." He stated he had given $1120 for the truck eleven months before it was taken which he said was a high price to pay for it.

■ The question was directed to its value in October, 1946, six months before trial. The answer was not responsive and has no probative value as to the value of the truck at any time. It is the value of the truck at the date of trial with which we are here concerned. Gray v. Robinson, supra; Consolidated National Bank of Tucson v. Cunningham, 24 Ariz. 437, 210 P. 850; Pacific Finance Corporation v. Gherna, supra.

The only other evidence relating to value is the testimony of defendant Coffey who stated that he wouldn't have given $250 for the truck when he picked it up in November, 1946; that he had spent $1100 or $1200 on it and had nothing yet. In other words, that the truck was still of little value.

■ This court held in the case of Palmer v. Kelly, 52 Ariz. 98, 79 P.2d 344, that evidence of damage in a replevin action must be based upon some definite evidence. The same rule applies in establishing the value of the truck at the date of trial. In fact it applies to every fact upon which a judgment is based.

■ Evidence of value, like any other fact upon which a judgment may rest, must be sufficiently definite and certain to take the question out of the realm of speculation and clothe it with the dignity of an established fact. We hold that appellee's evidence as to the value of the truck at the date of trial does not reasonably support the findings and judgment of the trial court fixing its value at $1,000. In short, evidence of such value is wholly lacking, and

in fixing such value the court committed reversible error.

In view of the fact that the case must be retried there is one other question raised by appellant we deem necessary to consider as a guide for the court upon retrial. That is, whether an alternative judgment should issue under the circumstances of this case. The following sections of the 1939 Arizona Code Annotated are pertinent in arriving at the answer to this question. We will set them up haec verba. Section 27-1607:

*"Finding for defendant—Judgment— Election to take value or property.—*If the defendant alleges that he is the owner of the property, is entitled to its possession and demands its return, and if on the trial it be found that he be its owner, and that he was at the time the action was brought entitled to its possession, then in the trial the value of the property replevied shall be found, together with any damage the defendant may have suffered for the wrongful seizure of the property, and the judgment shall be against the plaintiff and the sureties on the replevin bond for the value of the property, the damages, and costs; and the judgment shall also be for the return of the property to the defendant at a time and place to be specified. The defendant shall elect whether he will take the amount found as the value of the property or the property. Such election must be made so as to permit the plaintiff a reasonable time before the time specified in the judgment for the delivery of the property, and may be made in open court, or by an instrument in writing, filed in the action."

Section 27-1609:

*"Judgment against defendant when redelivery bond given.—*If the judgment shall be against the defendant, and at the time thereof he be in the possession of the property by reason of a forthcoming bond, the judgment shall be against the defendant and the sureties on his bond for the value of the property, the damages for its detention and costs, and also for the return of the property to the plaintiff, at a time and place to be therein named, and upon the same terms and conditions the plaintiff shall be given the same election as is given to the defendant."

Section 27-1611:

*"Taking value vests title in other party.—*Where the party elects to take the money judgment, the title, by reason of such election, shall at once vest in the other party to the extent of the interest, claim and title of the one so electing."

While all these sections must be construed together, the right of plaintiff to an alternative judgment in this case, if it exists, must be gathered from the language used in section 27-1609, supra. It will be observed that this section provides for an alternative judgment against defendant "in the possession of the property by reason of a forthcoming bond."

■ We are of the opinion that the intent of the legislature to be gathered from this section, considered in the light of the other sections set forth above, is that if the defendant is in possession of the property at the date of trial, plaintiff, if successful, is entitled to the alternative judgment regardless of how defendant came into possession. It must have been contemplated by the legislature at the time of enacting this law that when replevin actions are instituted the primary purpose of the action being to enable the plaintiff to recover immediate possession of the property involved that the plaintiff will pursue his remedy by making affidavit of ownership stating the value of the property and giving a replevin bond, thus placing the possession of the property in the plaintiff. The plaintiff may file the affidavit and bond above provided for and take possession of the property in litigation if he chooses, or he may not, but his failure to take advantage of the full benefit of the provisions of the statute does not in anywise affect his legal rights in the matter. It then provides that the defendant may give a forthcoming bond to enable him to retain possession of said property until final judgment. It is the fact of defendant's possession rather than the fact of how he came into possession that the legislature had in mind when it enacted this law. We have so construed this statute in the case of Consolidated National Bank of Tucson v. Cunningham, supra, wherein this court said [24 Ariz. 437, 210 P. 851]:

"* * * If the successful party elect to take the alternative judgment, title vests immediately in the loser, and though it has been determined that the party out of possession is the owner and entitled to the property, *yet the law compels the loser to purchase it, if the winner so chooses, at the value fixed by the judgment.* An exchange or sale of this character, though forced, should be fair and equitable, and it is evidently the intent of the statute that this result is had by using the valuation at the time of trial rather than at the time of taking; * * *." (Emphasis supplied.)

We recognize the harshness of the above rule but believe that it correctly interprets the statute relating thereto. We hold that the finding and judgment of the court fixing the value of the truck in the sum of $1,000 at the date of trial, is unsupported by the evidence and constitutes reversible error.

It is ordered that the judgment of the trial court be reversed and the cause remanded for a new trial.

LA PRADE, C. J., and UDALL, STANFORD, and DE CONCINI, J., concur.