436 P.2d 575

**UNITED PRODUCERS & CONSUMERS COOPERATIVE, INC., Appellant,**

**v.**

**E. J. O'MALLEY, Appellee.**

No. 8529.

Supreme Court of Arizona.

In Division.

Jan. 11, 1968.

Sidney B. Wolfe, and Allen L. Feinstein, Phoenix, for appellant.

Cox & Cox, Phoenix, for appellee.

UDALL, Justice:

This replevin action was originally commenced in the Superior Court of Maricopa County. Judgment was entered in favor of defendant United Producers & Consumers Cooperative, Inc., hereinafter referred to as defendant, and against plaintiff E. J. O'Malley, hereinafter referred to as plaintiff. On appeal this Court reversed the judgment and remanded the cause to the trial court with directions to make further findings on the value of the property and the actual damages for its detention, in accordance with A.R.S. § 12-1310. O'Malley v. United Producers & Consumers Co-op., Inc., 95 Ariz. 134, 387 P.2d 1016 (1963). On remand, the trial court permitted oral argument, and on the basis of the evidence in the original record entered judgment in favor of plaintiff for possession of the property or $3500 at his option. No damages were found for its detention. From that judgment, defendant appeals.

The facts which gave rise to this action are as follows: Defendant levied on a John Deere cotton picker and purchased it in execution of a judgment against a former owner of the machine. At the time of levy and sale, it was owned by a third party and he subsequently transferred his ownership to plaintiff. This action was filed, and on appeal we held that since defendant had notice of the true ownership of the machine at the time of the execution sale plaintiff was entitled to its possession.

The issues on this second appeal concern the trial court's finding of the cotton picker's value. Defendant complains there is no evidence in the record of the value of the machine at the time of trial, and that the sum of $3500 is not supported by sufficient evidence, is contrary to and against the weight of the evidence and is based on improper evidence. In support of this claim, it argues that the finding is not in compliance with our mandate to make findings "in accordance with A.R.S. § 12-1310," which provides that value of the property in a replevin action must be determined as of the date of the trial. It is contended, in the instant case, that the trial court did not expressly find the value as of the date of trial, and even if such a finding were implicit, there is no evidence to support such a finding.

■ We have uniformly held that the measure of damages in an action in replevin is the value of the article at the time of trial plus damages for its wrongful detention. General Motors Acceptance Corporation v. Hill, 95 Ariz. 347, 390 P.2d 843 (1964); Coffey v. Williams, 69 Ariz. 126, 210 P.2d 959 (1949); Consolidated Nat. Bank of Tuscon v. Cunningham, 24 Ariz. 437, 210 P. 850 (1922). This rule contemplates that the property sought to be replevied is in the possession of the defendant since A.R.S. § 12-1310 provides for an alternative judgment, either for the value of the property or its return. Where, as in the instant case, the property is not in the possession of the defendant at the time of trial, the rule becomes inapplicable and the value must be measured as of the wrongful taking or detention. 77 C.J.S. Replevin § 270, p. 194.

■ Under the rule that damages are to be determined as of the date of trial, the trial court may make a finding of actual damages for detention of the property. If there is any loss in the value of the property between the time of taking and the time of trial, it should be included in the damages for the detention of the property. Consolidated Nat. Bank of Tuscon v. Cunningham, supra. The same result is thus reached whether the judgment is for the value of the property at the time of taking or for both the value at the time of trial and the loss in value between the time of taking and the time of trial.

■ The question of competency of a witness is a matter resting in the sound discretion of the trial court, and its ruling

**28**

will not be disturbed except for an abuse of such discretion. Parker v. State, 89 Ariz. 124, 359 P.2d 63 (1961); Gray v. Woods, 84 Ariz. 87, 324 P.2d 220 (1958). We cannot say that it was an abuse of discretion to permit witnesses Miller and Basabe to give their opinion as to the value of the cotton picker. Mr. Miller had his own farm equipment company, part of which business involved buying and selling used equipment. He had previously operated a farm and had bought, operated, and sold the same model cotton picker as is involved in this case. Mr. Basabe had been in the farming business for twenty-five years. He had used many different cotton pickers in his operations and claimed to have a full knowledge of other model cotton pickers.

■ Defendant has no cause to complain that witness Miller's "judgment was based on the cost of repairing the cotton picker's internal parts which he could not see." Mr. Miller testified that if the parts of the machine which he was unable to inspect (engine, spindles, doffers, water pads, etc.) were in complete disrepair, the value of the machine was between thirty-five and thirty-eight hundred dollars. If all or any portion of Miller's assumption was erroneous and any of the unseen parts was not in total disrepair, then the error was made in favor of defendant.

■ Defendant also assigns as error the trial court's refusal to afford him an opportunity to present evidence of value at a hearing held for that purpose. It is argued that under the opinion and mandate of this court, plaintiff and not defendant was expressly held not entitled to present further evidence.

In our opinion to the earlier appeal, we stated:

> "In the prayer for relief, plaintiff sought possession, $2,000 in actual damages and $5,000 in punitive damages. We hold he is entitled to possession. Nothing in the record, however, would justify an award of punitive damages. The judgment is therefore reversed and remanded to the trial court with directions

to make further findings, in accordance with A.R.S. § 12–1310, on the value of the property and the actual damages for its detention. Having tried the case to conclusion, the plaintiff is not entitled to present further evidence on these matters and the findings must rest on the present record." 95 Ariz. at 138, 387 P.2d at 1018.

Our intention is clearly shown by the phrase "the findings must rest on the present record." The case was tried to conclusion. Each party had a full and complete opportunity to develop its case. See Crouch v. Truman, 84 Ariz. 360, 328 P.2d 614 (1958). Under such circumstances, there would be no reason for us to intend a result other than that each party was held to its proof on the issue of value.

Affirmed.

McFARLAND, C. J., and STRUCK-MEYER, J., concur.