[L. A. No. 11916.   In Bank.—February 1, 1930.]

CHARLES H. CLARK, Respondent, v. HAMILTON DIA-
MOND COMPANY (a Corporation) et al., Appellants.

Charles A. Bank for Appellants.

Henry M. Lee and Thomas A. Joyner for Respondent.

WASTE, C. J.—The plaintiff brought an action in claim and delivery for recovery of the possession of a diamond ring alleged to be of the value of five hundred dollars. Judgment went for the plaintiff and the defendant Cohen has appealed, contending that he is a *bona fide* purchaser of the ring without knowledge of defect of title, and is entitled to a reversal of the judgment.

The appeal is on the judgment-roll alone, and the findings show that plaintiff sold the ring to Harry Justice, who "fraudulently gave a worthless check in payment therefor." Justice traded the ring to one Dye as payment on a second-hand automobile. Dye deposited the ring for sale with one Allen, a retail jeweler, who in turn placed the ring in the possession of one Friedman, who was in the business of going from store to store buying and selling jewelry. Friedman sold the ring to the defendant Cohen, doing business as Hamilton Diamond Company, who purchased it without knowledge of the transaction between plaintiff and Justice. Immediately upon receipt of the check from Justice the plaintiff deposited it, in due course of business, for collection, and it was returned marked "not sufficient funds." Immediately upon the return of the worthless check plaintiff brought this action for the recovery of the ring and, by proper proceedings in claim and delivery, obtained possession from the defendant Cohen.

Further findings are that the sale of the ring to Justice was for cash; that plaintiff did not waive immediate cash payment and gave no *indicia* or muniment of title to anyone when the sale was made; and, in obtaining the ring,

Cohen, the purchaser, did not rely upon any evidence of title in his grantor.

From these findings it follows that the sale of the ring by plaintiff to Justice was, in effect, a sale for cash, as distinguished from a sale on credit, payment to be made, as is customary in similar transactions, by check. As it was not agreed that the check was to be received as absolute payment, the delivery of the ring to Justice was also conditional, and, the check being dishonored upon due presentation, title to the ring remained in plaintiff. (*South San Francisco Packing etc. Co.* v. *Jacobsen*, 183 Cal. 131, 135 et seq. [190 Pac. 628].) It seems to be very definitely settled by that case and the authorities there cited that, as between the parties, upon the check being dishonored, the seller is clearly entitled to resume possession of the property. As between the original seller and third parties, the relation is to be determined by what the vendor has done or has not done. In this case the plaintiff gave to Justice, the original purchaser, no *indicia* of title other than the possession of the property. He followed the due course of business in attempting to secure payment of the check, and took immediate steps to recover the ring upon learning that the check was worthless. Appellant has not made it appear, in fact, apparently does not claim, that he was injured by any delay on plaintiff's part. It is very clear from the findings that in this case the plaintiff did not transfer the possession of the ring to Justice with a power to dispose of it. Therefore, section 1142 of the Civil Code does not apply, and any executed sale by Justice, or those purporting to claim under him, does not transfer plaintiff's title to them. (*Pacific Acceptance Corp.* v. *Bank of Italy*, 59 Cal. App. 76, 80 [209 Pac. 1024.]) There was no other *indicia* of ownership than mere possession. That was not enough. There must have been some act or conduct on the part of the real owner whereby the party selling was clothed with apparent ownership or authority to sell, and which the real owner will not be heard to deny or question to the prejudice of the innocent third persons dealing on the faith of such appearances. (*Levi* v. *Booth*, 58 Md. 305 [42 Am. Rep. 332].)

The judgment is affirmed.

Seawell, J., Richards, J., Shenk, J., Preston, J., Curtis, J., and Langdon, J., concurred.