[Civ. No. 8015. First Appellate District, Division Two.—May 6, 1932.]

JOHN F. MITCHELL, Respondent, v. W. E. PORTER et al., Appellants.

John A. Murphy for Appellants.

Edward J. Clark for Respondent.

STURTEVANT, J.—In two actions involving the title and the possession of an automobile the trial court rendered judgments in favor of the plaintiff and the defendants, Porter and Caldwell, have appealed, bringing up typewritten transcripts.

Heretofore John F. Mitchell was residing in Oakland and was the owner of the automobile the subject of the suit. At the time he purchased it the motor vehicle department issued to him a certificate of registration. (California Vehicle Act, sec. 41.) He took out insurance on the automobile and policies were issued to him. A little later he became ill and went to Arizona for his health. Before leaving Oakland he appointed R. J. Mitchell, his father, as his agent and authorized him to negotiate a sale of the automobile. Mr. R. J. Mitchell advertised the car for sale. In response to the advertisement a man giving the name of C. E. Marks appeared at the home of Mr. R. J. Mitchell and commenced negotiations to purchase the automobile. Marks produced a check and tendered it in payment. Mr. Mitchell stated that before he turned over the automobile or papers that he must be given time to ascertain whether the check was good. To that suggestion Marks gave his consent but asked permission to drive the automobile to the insurance office, where he proposed to have new insurance issued in his own name, and promised that he would return as soon as Mr. Mitchell had obtained information about

the check. For the purpose of obtaining the insurance, Marks asked to have possession of the old policies and the "pink slip". (Certificate of Ownership, Stats. 1925, p. 401.) Accordingly those papers were entrusted to him. When John F. Mitchell received the pink slip from the motor vehicle department he signed on the last line on the face of it. Before he went to Arizona he delivered the pink slip to his father. When his father delivered the document to the man claiming to be Marks the blanks on the reverse side "signature of registered owner" and "signature of legal owner" had not been filled. No writing appeared on those lines when Mr. R. J. Mitchell delivered the paper to Marks. When the old insurance policies were delivered to Marks the blanks for assignments had not been filled. No bill of sale, or anything purporting to be one, was delivered to Marks by Mr. R. J. Mitchell. After Marks received the above-mentioned papers and left to go to the insurance office he was never seen again. A few days afterward the same individual appeared at the place of business of the defendant Porter in Salinas. At that time he represented himself as John F. Mitchell. After some negotiations he made a purported sale of the automobile to the defendant. At that time, with the pen and ink furnished by the defendant, he filled in the blanks on the pink slip, signing "John Mitchell" three times—once on the face immediately above the genuine signature of John Mitchell and twice on the reverse side. At the same time Mr. Caldwell, acting for the defendant Porter, wrote out a bill of sale and the same man signed that document as John Mitchell. By stipulation of the parties the pink slip and the bill of sale have both been brought up as parts of the record.

When Mr. R. J. Mitchell presented the check to ascertain whether it was good he learned that the drawer of the check had no account at the bank.

When Mr. Porter sought to register the transfer of the automobile to him the above-mentioned forgery was detected. A little later a demand was made on him for the possession of the automobile, but he refused to surrender it. An action in claim and delivery was instituted and at about the same time another action was commenced by the plaintiff seeking to enjoin the motor vehicle department from registering the

purported transfer to the defendant Porter. Both actions were tried together, but a separate set of findings was made and a separate judgment was rendered in each action. The records have been consolidated for the purposes of this appeal.

In his complaint in claim and delivery the plaintiff inserted the ordinary allegations. In his complaint asking for injunctive relief the plaintiff alleged that the signatures made at Salinas and purporting to be the signatures of John Mitchell were forgeries. W. E. Porter was made a defendant in each action. In the action for injunction T. Caldwell, who acted as the agent of Mr. Porter, was made a defendant, and Frank B. Snook, as chief of the division of motor vehicles, was also made a defendant. Mr. Porter answered in each action but the other defendants did not. Mr. Porter has taken an appeal in each action. In his answer in the claim and delivery suit he denied the allegations of the complaint. In his answer in the injunction suit he denied some of the allegations of the complaint, but he did not deny the forgery and he did not plead negligence, nor did he plead an estoppel. In making its findings the trial court did not make any findings outside of the issues made by the pleadings.

The defendant claims that the evidence is insufficient. He asserts that the signature of the forger who impersonated John F. Mitchell and signed the certificate of ownership is enough like the true signature of John F. Mitchell to mislead any person who is not a handwriting expert. Granting all that the defendant claims in this behalf, the point presents nothing but a conflict in the evidence, but the conflict, if any, was addressed to the trial court. By stipulation of the parties the original exhibits, the pink slip and the bill of sale, have been brought up as a part of the record. In passing we might say that we have examined all of the signatures and are quite unable to state that the trial court abused its discretion in holding that the signatures made at Salinas were forgeries.

In his second point the defendant asserts that the trial court determined that even though the plaintiff was admittedly negligent in permitting the forger to take the Buick automobile without sufficiently investigating his

credentials and determining the worth of the check tendered the plaintiff at the time of the first sale, still defendants were negligent regarding closer inspection of the aforementioned signatures and the identity of the forger. To this point there are several replies. As indicated above, negligence was not made an issue by the pleadings. Properly, therefore, there was no finding on the subject, and no opportunity for a finding. True it is that culpable negligence may with other facts constitute an estoppel (*Parke* v. *Franciscus,* 194 Cal. 284, 297 [228 Pac. 435]), but that defense was not pleaded, nor do we understand the defendant to claim it as being in this case. ██ ·However, the negligence of the vendor, which may create an estoppel, was not present under the facts of this case. In *People's Trust Co.* v. *Smith,* 215 N. Y. 488 [Ann. Cas. 1917A, 560, L. R. A. 1916B, 840, 109 N. E. 561], Mr. Justice Cardozo, speaking for the New York Court of Appeals, fully discussed the subject. On page 491, he said: "To make out an estoppel on that ground, it is not enough to show that the owner was careless. He must have been careless in respect to some duty owing to the plaintiff or the public. (Citing cases.) . . . Persons are not to be supposed to commit forgery, and the protection against such a crime is the law of the land, not the vigilance of parties in excluding all possibility of committing it." If the plaintiff had inserted his signature in the blanks on the reverse side of the certificate of ownership, and if he had thereafter entrusted his automobile and the certificate so filled out into the hands of Marks, the defendants might have cause to complain. (*National Safe Deposit Co.* v. *Hibbs,* 229 U. S. 391 [57 L. Ed. 1241, 33 Sup. Ct. Rep. 818].) However, the plaintiff did not do so and under well-settled rules the blanks in the certificate not having been filled in no ground of estoppel was established. (*Treadwell* v. *Clark,* 114 App. Div. 493 [100 N. Y. Supp. 1, 10].) The defendant cites and relies on *Knapp* v. *Lyman,* 44 Cal. App. 283 [186 Pac. 385]. It is a sufficient comment to state that we find nothing in the case helpful to the defendant. The case of *Clark* v. *Hamilton Diamond Co.,* 209 Cal. 1 [284 Pac. 915], is more helpful. The facts in the ·instant case are far more favorable to the plaintiff than were the facts in the

Clark case. Nevertheless in that case the court held that the owner was entitled to pursue and reclaim his property.

The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.