[Civil No. 3153. Filed June 20, 1932.]

[12 Pac. (2d) 282.]

A. O. WINSHIP and FRED E. WINSHIP, Appellants, v. STANDARD FINANCE COMPANY, an Arizona Corporation, Appellee.

Messrs. Windes & Miller, for Appellants.

Mr. John W. Corbin, for Appellee.

ROSS, J.—The Standard Finance Company, claiming ownership and right of possession of an Essex sedan automobile brought this action in conversion against the People's Loan & Investment Company, A. O. Winship and Fred E. Winship for the value thereof, alleged to be $575. The answer contained a general denial and set up title or right of possession to the car in A. O. Winship, derived as follows: It is alleged that one J. F. Moore, on July 2, 1930, applied to Fred E. Winship for a loan of $250 on the automobile, showing or exhibiting to him a certificate of title in his (Moore's) name, whereupon the loan secured by a chattel mortgage on the car was made; that said note and mortgage and certificate of title were subsequently assigned to A. O. Winship, who thereby became the owner of and entitled to the possession of the car.

The case was tried by the court without a jury and resulted in a judgment in favor of plaintiff and against defendants A. O. Winship and Fred E. Winship for the value of the car. Judgment was entered in favor of the People's Loan & Investment Company for its costs. The Winships have appealed.

The assignments are directed at the sufficiency of the evidence to support the judgment. The appellee suggests that the assignments are not in accordance with the rules of the court and are not sufficient to raise any question for decision. We pass this question over, preferring to decide the case upon its merits.

While there is no conflict in the evidence, it might possibly be contended that it is susceptible of two interpretations, under one of which defendants should have prevailed. There is no question but that the car belonged to plaintiff, and that it was properly registered in plaintiff's name, as required by law. Sections 1633, 1634, 1635, Rev. Code 1928. It is contended by defendants that plaintiff left it on the storage lot of one J. F. Moore, a dealer in second-hand cars, under such circumstances as to clothe Moore with apparent ownership and right of disposal. The evidence in that regard is that plaintiff left the car on Moore's lot to have some repairs done, and, while it was there, either surreptitiously or by theft, Moore obtained possession of plaintiff's registered title or certificate of title and by forging plaintiff's indorsement thereon induced the motor vehicle division of the highway department to issue to him a certificate of title, in his name. It was the title so fraudulently obtained from the highway department that was shown to defendant Fred E. Winship by Moore and upon which he made the loan, as defendants state in their answer.

Moore, of course, had no title and could pass none to defendants. The car remained the property of plaintiff and can be recovered from defendants unless the former's conduct estops it from claiming its property.

The defendant Fred E. Winship testified that he relied upon the registration certificate in Moore's name in making the loan, and that he made no independent investigation of Moore or how he came to have the car. In other words, if the car was left by plaintiff with Moore, under such circumstances as to give out the idea that he was the owner thereof or empowered by the owner to sell or mortgage it, according to defendants' own testimony they were not misled thereby, for they relied upon Moore's possession and record title only.

No estoppel is pleaded in defendants' answer, and none is shown by the evidence.

The judgment is affirmed.

McALISTER, C. J., and LOCKWOOD, J., concur.