Stonebraker, Appellant, *v*. Zullinger.

Argued October 25, 1939.

Before KELLER, P. J., CUNNINGHAM, BALD-

RIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Edwin D. Strite,* with him *H. Blair Minick,* for appellant.

*Daniel W. Long,* with him *Edmund C. Wingerd* and *J. Glenn Benedict,* for appellee.

OPINION BY STADTFELD, J., March 2, 1940:

This is an action of assumpsit brought by John E. Stonebraker against J. F. Zullinger for the purchase price of a truck delivered under an oral contract of sale.

Plaintiff was engaged in the automobile business in Hagerstown, Md., and represented by John Detrich, in Chambersburg, Pa., who died prior to the trial of this case. In August, 1935, plaintiff's agent and defendant entered into negotiations concerning the sale of a used Dodge truck which was subsequently delivered at the latter's home in Orrstown, Pa. Plaintiff, in his statement of claim, alleges that the purchase price of the truck was $450, and that defendant, having agreed to pay that amount upon delivery, failed and refused to do so. These allegations were denied by defendant in his affidavit of defense wherein he averred that the purchase price of the truck had been set at $300, of which $200 was to be paid in cash and the balance at the rate of $10 per month. Defendant also filed a counterclaim alleging the payment of $200 to plaintiff, and demanded

judgment for that sum, together with the sum of $27, for storage of the said truck from the time it was delivered to him.

The jury returned a verdict in favor of the plaintiff for the full amount of his claim, $450, with interest. Defendant filed motions for judgment n. o. v. and for a new trial. The court below overruled the motion for a new trial, but granted defendant's motion for judgment n. o. v. and directed that judgment be entered accordingly. This appeal followed.

The court below, in an opinion by DAVISON, P. J., stated: "The plaintiff contracted to do certain things, sell the defendant a motor vehicle and assign the certificate of title to him so that the purchaser might secure a license for the same, a necessary part of the contract as the evidence shows it to be. Not having performed his contract in a material part, he cannot recover on it."

There is no dispute between the parties in this action as to some essential facts. The terms of the contract called for the transfer or assignment of a certificate of title to the truck in question. The plaintiff dealer had in his possession, a certificate of title issued by the State of Maryland to one Henrietta Palmer, the original owner of the truck. He also had an assignment of the certificate executed by Mrs. Palmer in his favor. On the latter form, plaintiff executed a re-assignment to defendant. Plaintiff had neither notified the Department of Revenue of Pennsylvania of his acquisition of the truck, nor executed an application for a Pennsylvania certificate of title as required by the Act of June 22, 1931, P. L. 751, 75 PS 37. No actual delivery of the Maryland certificate of title, or of the assignment form prescribed by our own laws, was made as contemplated by the parties to the contract.

The assignment or re-assignment of the certificate of title was, in our opinion, a material part of the contract. The Act of 1931, supra, provides in Section 201

as follows: "Certificate of Title Required—(a) No person who is a resident of this Commonwealth shall own a motor vehicle in this Commonwealth unless a certificate of title therefor shall have been obtained as provided in this act."

Section 207 of the same Act provides: "Assignment of Certificate of Title—(c) ...... The manufacturer, jobber, or *dealer,* upon transferring his interests in said motor vehicle, shall *execute and deliver to the purchaser thereof an assignment* upon a form prescribed and furnished by the department to which shall be attached the assigned and executed application for certificate of title by such manufacturer, jobber or dealer. Thereupon the purchaser of said motor vehicle shall apply for a certificate of title within thirty (30) days of the assignment by the manufacturer, jobber, or dealer: ......". (Italics supplied).

The defendant, being a resident of this Commonwealth, cannot own a motor vehicle unless a certificate of title be obtained and he cannot obtain a certificate of title unless he has acquired an assignment and delivery of the old certificate of title from the seller. Under our present vehicle code, a certificate of title is a necessary incident to ownership of a used automobile: *Auto Bk. Corp. v. Atlas A. Fin. Corp. et al.,* 129 Pa. Superior Ct. 501, 195 A. 441; *Commercial Bk. Corp. v. Active Loan Co.,* 135 Pa. Superior Ct. 124, 4 A. 2d 616.

Section 401 of the Act of May 1, 1929, P. L. 905, 75 PS 91, provides as follows: "Registration of Motor Vehicles, Trailers and Semi-Trailers Required. (a) Except as is hereinafter provided, no motor vehicle, trailer, or semi-trailer shall be operated upon any highway in this Commonwealth until such motor vehicle, trailer, or semi-trailer shall have been properly registered with the department, as hereinafter provided, and the registration plate or plates that have been issued for the vehicle for the current year and received and displayed as required by this act, and no motor vehicle shall be

registered until a certificate of title has been obtained therefor."

The facts of the instant case not falling within any exception, the quoted section applies. By its terms no motor vehicle may be operated on the highways until registered, and such vehicle cannot be registered until a certificate of title has been obtained for it. Thus registration becomes absolutely necessary in order to secure a license without which the vehicle may not be operated.

It is clear, therefore, that the delivery of an assigned certificate of title, or other documents of transfer prescribed as equivalent thereto by the laws of this Commonwealth, was a material part of the contract for the sale of the truck. No delivery of any title papers had in fact been completed. Hence, the only question to be determined is whether plaintiff had made, and defendant had rejected, a sufficient tender of certificate of title.

It appears from the evidence of the plaintiff that he had executed a re-assignment or transfer on the back of the Maryland certificate of title to the defendant, and that he had delivered it to his (plaintiff's) agent, John Detrich. Mr. Detrich, carrying the title papers with him, accompanied Roy Carroll, an employee of plaintiff, according to the latter's testimony, to defendant's place of business, where Carroll called to collect the money claimed by plaintiff. Arrangements were there made with the defendant to go to Shippensburg a few days later to "have the title fixed up," and then to Harrisburg to obtain a license. The witness, Carroll, saw the papers in Mr. Detrich's possession, but did not look them over.

The defendant testified that arrangements were made with him by Detrich to go to Harrisburg on a Thursday for a license, that they started and stopped in Shippensburg at Squire Martin's, and because of something said by the Squire, Detrich decided the papers were

not correct and they returned to Orrstown. Defendant further testified that Detrich looked over the truck, measured it and observed that since the title papers were not the proper ones, he would have to go back to Hagerstown to get the right ones and would return on Friday morning to go to Harrisburg. Detrich never came back. Defendant also testified that on several occasions thereafter, he went to Detrich about the title, but was always met with Detrich's answer that he couldn't get the right one, and that no one else ever offered him the title. His evidence was in no way contradicted.

It is true that by reason of the deaths of John Detrich and Squire Martin prior to the trial of the case, both parties to this action were deprived of evidence that might have gone far in clearing up the matters in dispute. However, the evidence that is available must serve the purpose, and that has been carefully reviewed.

We have considered all the testimony in the light most advantageous to appellant who obtained the verdict in the court below. Nonetheless, we have found no evidence of a tender of any certificate of title on his part, nor any evidence from which may be drawn any reasonable inference of such tender to defendant appellee. The action of the court below, therefore, in entering judgment n.o.v. in favor of the defendant, was unquestionably proper.

Judgment is affirmed.