## Commercial Credit Company, Appellant, v. McDermott et al.

282

Argued March 7, 1941.

Before KELLER, P. J.,
CUNNINGHAM, BALDRIGE, STADTFELD, RHODES and HIRT,
JJ.

*Irving L. Epstein,* for appellant.

*T. A. Donahoe,* with him *Carl Carey,* for appellee.

OPINION BY BALDRIGE, J., April 16, 1941:

This appeal is from the order of the court below discharging plaintiff's motions for judgment n. o. v. and for a new trial in an action of replevin.

The essential facts may be stated as follows: On May 18, 1939, the Packard-Lackawanna Automobile Company leased to Gerald McDermott and Mary, his wife, a secondhand Packard sedan automobile, which it had obtained from a buyer of a new car as a part of the consideration. The lessees agreed to pay for the use of the automobile $323.32, of which sum $100 was paid in cash and the balance was payable in 12 monthly instalments of $18.61 each. This agreement, containing

the usual provisions of a bailment lease, gave to the lessees the right to use the car, and they were to become the owners thereof upon the completion of the payment of the rentals, together with the additional nominal sum of $1. The lessor had the right to repossess the car in event of default in the payments or a breach of other conditions.

After delivering the car to McDermotts the Automobile Company assigned its interest in the lease to the Commercial Credit Company, the appellant herein. The lessees defaulted in the payment of the rentals due December 18, 1939, and January 18, 1940. Thereupon the plaintiff caused a writ of replevin to be issued. The automobile in question was found to be in the possession of a garage man, Fred Pane, the intervening defendant, with whom the McDermotts had left it for repair. He claimed a lien thereon for materials used and for the work done amounting to $75.60.

To the declaration filed by the plaintiff setting forth the grounds upon which it claimed title to and right of possession of the car, the intervening defendant filed an affidavit of defense alleging that the plaintiff had no standing to repossess the car free of any charges unless it proved that it had a certificate of title as required by Section 201 of the Vehicle Code of Pennsylvania, approved May 1, 1929, P. L. 905, Article II, as finally amended by the Act of June 29, 1937, P. L. 2329, §1, 75 PS §31. That section provides, inter alia, as follows: "(a) No person who is a resident of this Commonwealth shall own a motor vehicle, trailer, or semi-trailer, in this Commonwealth unless a certificate of title therefor shall have been obtained as provided in this act:" Subsequent provisions therein exempt manufacturers and jobbers from obtaining certificates of title to new cars until and before sale thereof, but there is no exemption in the case of used cars.

The evidence disclosed that the automobile dealer did not obtain a certificate of title when the car was turned

in to it by the former owner, or possess one when the bailment lease was executed. No certificate of title was offered in evidence. The only proof of a certificate of title in the lessor was the oral testimony of Richard Horton, its credit manager, who stated that it received a certificate *after* the issuance of the writ of replevin. No attempt was made to offer any record of the Department of Revenue, which issues such titles, to substantiate his testimony.

The case was submitted to the jury with instructions that before it could return a verdict in favor of the plaintiff it must find at the time the replevin action was brought the plaintiff had, in fact, a certificate of title. The plaintiff was not entitled to more favorable instruction. The proof, consisting of oral testimony, was necessarily for the jury's determination: *Nanty-Glo Boro. v. American Surety Co.*, 309 Pa. 236, 163 A. 523; *Pfordt v. Educators Beneficial Association*, 140 Pa. Superior Ct. 170, 14 A. 2d 170.

In this suit, a possessory action for recovery of a specific chattel, it was incumbent on the plaintiff, who alleges ownership, to prove its immediate right of possession against the bailee. A certificate of title is a necessary incident to the ownership of a used automobile. A dealer cannot lawfully own or dispose of such a car under our Vehicle Code until a certificate of title thereto has been obtained: *Automobile Banking Corporation v. Atlas Automobile Finance Corporation et al.*, 129 Pa. Superior Ct. 501, 508, 509, 195 A. 441; *Commercial Banking Corporation v. Active Loan Company of Philadelphia*, 135 Pa. Superior Ct. 124, 135, 4 A. 2d 616.

In one of our latest cases, *Stonebraker v. Zullinger*, 139 Pa. Superior Ct. 134, 11 A. 2d 698, we said, speaking through Judge STADTFELD, p. 137: "The defendant, being a resident of this Commonwealth, cannot own a motor vehicle unless a certificate of title be obtained and he cannot obtain a certificate of title unless he has

acquired an assignment and delivery of the old certificate of title from the seller." The intervening defendant expressly challenged the plaintiff's claim of right of possession, so that it was put on notice of proof required, which it failed to produce. As a prerequisite to owning a car is a certificate of title, a dealer cannot lease it or give title thereto with the right of possession without such certificate.

The appellant cites *Braham & Company v. Steinard-Hannon Motor Co. et al.,* 97 Pa. Superior Ct. 19, and *General Motors Acceptance Corporation v. Hartman et al.,* 114 Pa. Superior Ct. 544, 174 A. 795. It is unnecessary to discuss in detail the variance between the facts presented in those cases and the one before us. We have no difficulty in distinguishing them. It is sufficient to state that in the Braham case, a sheriff's interpleader proceeding, the chattel was not a used but a new car. We pointed out in *Automobile Banking Corporation v. Atlas Automobile Finance Corporation et al.,* supra, that the Braham case involved the Acts of 1923 and 1925, containing less stringent provisions than those in the Act of 1929, supra, as amended.

The jury on ample evidence found that the plaintiff did not at the time it brought suit have a certificate of title. We find no reason to disturb the verdict.

Judgment is affirmed.