390 P.2d 843

**GENERAL MOTORS ACCEPTANCE CORPORATION, a corporation, Appellant,**

v.

**Paul HILL, doing business as Hill's Motors, John Doe, Richard Roe, individually, also John Doe and Richard Roe, doing business as a Partnership, Appellees.**

No. 7160.

Supreme Court of Arizona,

In Division.

March 26, 1964.

Rehearing Denied April 21, 1964.

---

McKesson, Renaud & Cook and Fred J. Pain, Jr., Phoenix, for appellant.

Wm. P. Mahoney, Jr., and Sullivan & Meier, Phoenix, for appellees.

STRUCKMEYER, Justice.

This appeal is by General Motors Acceptance Corporation, Inc., from a judgment in favor of Paul Hill, dba Hill's Motors, wherein appellant instituted an action in replevin to recover possession of a 1958 Chevrolet automobile from Hill, alleging that it was the owner. Appellee, Hill, answered denying that appellant was entitled to possession and alleged that appellant was estopped to claim any right, title or interest in the automobile by reason of negligence in giving possession of the certificate of title to one Robert G. Young, original purchaser.

Young purchased the Chevrolet automobile in October of 1957 at Penndel, Pennsylvania. The purchase agreement was sold to appellant with the Pennsylvania certificate of title being retained by it at its Trenton, New Jersey, branch office. Shortly after Young had reduced the balance to $2,736.30, he wrote the Trenton office requesting that since he was returning to his home in Cleveland, Ohio, the title be sent to him for the purpose of registering the car there. The Trenton office sent the Pennsylvania certificate of title, which on its face indicated a lien in favor of appellant, to Young who thereafter forged on the certificate a purported satisfaction of lien in this language "ENCUMBRANCE SATISFIED GENERAL MOTORS ACCEPT. CORP. 2/5/58 B. Adams." Young also executed a statement on the reverse side of the certificate that the vehicle was not subject to any liens. Appellee checked the applicable Pennsylvania law by a manual used by dealers and, relying on the certificate, purchased the automobile from Young in Phoenix, Arizona, for $2,185.00.

The trial court found in entering judgment for appellee that it was appellant's practice in some places, but not in New Jersey or Pennsylvania, to place on the certificate a qualifying notice of the purpose of the release to the owner and concluded that not having done so appellant was estopped to assert its lien.

In Pennsylvania by Purdon's Penna. Vehicle Code, Chapter 75, Section 33(B), revised Section 203, the certificate of title must be delivered to the lienholder and it shall

"* * * be retained by such person until the entire amount of such lien or encumbrance is fully paid by the owner of said motor vehicle, trailer, or semi-trailer."

■ Appellant argues that it had no duty to place a qualifying notation on the certificate indicating the purpose of its release to Young. Appellant, however, overlooks that its responsibility originated with the failure to comply with the Pennsylvania statute. While the transfer of the certificate of title in Pennsylvania, Commonwealth v. Overheim, 106 Pa.Super. 424, 162 A. 475, does not conclusively determine the ownership of a motor vehicle, generally the holder thereof is to be considered as the owner. It is a necessary incident of ownership, Liebendofer v. Wilson, 175 Pa. Super. 632, 107 A.2d 133; Rice Street Motors, for Use of Commercial Credit Co. v. Smith, 167 Pa.Super. 159, 74 A.2d 535; Stonebraker v. Zullinger, 139 Pa.Super. 134, 11 A.2d 698. It is apparent that the Pennsylvania statute was designed for the protection of the lienholder as against creditors, subsequent mortgagees, lienors, encumbrancers and purchasers. .

■ We have previously held that a seller is estopped to claim the benefits of his lien when:

"* * * one of two innocent parties must suffer, the one whose act or omission made the loss possible must bear the same." Dissing v. Jones, 85 Ariz. 139, 333 P.2d 725.

It is not enough, as appellant urges here, to say that Dissing v. Jones is distinguishable because appellant did not clothe Young with complete ownership. The doctrine of estoppel is still applicable. By releasing the certificate of title to Young, appellant clothed him with sufficient indicia of ownership to permit the subsequent fraud. The failure to place on the certificate a qualifying notice of the purpose of the release was merely another fact which, concurring with the initial non-compliance with the Pennsylvania statute, made the loss possible as between appellant and appellee. .The maxim that, when one of two innocent persons must suffer by the fraud of a third, the one who puts it in the power of the third to occasion the loss must bear it, applies and, therefore, appellant is estopped from setting up his title as against appellee's. Kearby v. Western States Securities Co., 31 Ariz. 104, 250 P. 766.

■ Under a variety of statutes and circumstances, it has been held that one holding a lien upon a motor vehicle must insofar

as he can reasonably do so protect himself by complying with the provisions of applicable laws concerning certificates of titles. Nichols v. Bogda Motors, 118 Ind.App. 156, 77 N.E.2d 905; Ross v. Leuci, 194 Misc. 345, 85 N.Y.S.2d 497; First National Bank of Jamestown, N. Y. v. Sheldon, 161 Pa. Super. 265, 54 A.2d 61; Higgins v. Robertson, Tex.Civ.App., 210 S.W.2d 250; and cf. General Motors Acceptance Corp. v. Capital Discount, D.C.Mun.App., 165 A.2d 779; First National Bank of Nevada v. Swegler, 336 Ill.App. 107, 82 N.E.2d 920; Central Finance Co. of Peru v. Garber, 121 Ind.App. 27, 97 N.E.2d 503; Community State Bank, Royal Center v. Crissinger, 120 Ind.App. 25, 89 N.E.2d 78; Vanderpool v. Burkitt, 113 Or. 656, 234 P. 289; Newsum v. Hoffman, 124 Tenn. 369, 137 S.W. 490.

Winship v. Standard Finance Co., 40 Ariz. 382, 12 P.2d 282, cited by appellant, does not support its position. There, one Moore, an automobile repairman, either by theft or other means without the consent of the owner, obtained a certificate of title to a motor vehicle left in his possession solely for the purpose of repairs. Thereafter, Moore obtained a certificate of title in his name by forging the signature of the owner to an assignment and Winship lent Moore money with the automobile pledged as collateral. Appellant Winship relied on a title wrongfully obtained. It was held:

"Moore, of course, had no title and could pass none to defendants [Win-ship]. The car remained the property of plaintiff and can be recovered from defendants unless the former's conduct estops it from claiming its property." 40 Ariz. 384, 12 P.2d 283.

No conduct raising estoppel was found to exist in the case. Winship relied on Moore, the thief; whereas, in the instant case appellee relied on appellant rather than Young and the fulfilling by appellant of its statutory duty.

Appellant complains that the assignment of the certificate of title from Young to appellee was not sworn to under oath and notarized as is required by Purdon's Penna.Vehicle Code, Chapter 75, Section 37(a) revised Section 207(a). However, the test of validity of the assignment is not determined by the law of Pennsylvania but lex loci contractus, Arizona, the place where the assignment was made. Coulter v. Stewart, 93 Ariz. 242, 379 P.2d 910.

By A.R.S. § 28–303, subs. C, if an application is made for a certificate of title in Arizona to a foreign vehicle which has been registered in another state or country the owner shall surrender the certificate of title to the State Highway Department, Motor Vehicle Division, "together with satisfactory evidence of ownership showing that the applicant is the lawful owner or possessor of the vehicle." By A.R.S. § 28–304, subs. A, when the Motor Vehicle Division is satis-

fied that the application is genuine and regular, it shall register the vehicle.

It is uncontradicted that the Motor Vehicle Division of the State Highway Department was satisfied with Young's signature on the reverse side of the Pennsylvania title witnessed by Hill. It did not require a notarization under oath and it issued an Arizona certificate of title as it had the authority to do under the foregoing statutes. We cannot say the trial court erred in failing to make a finding of fact that the appellee's loss was proximately caused by his negligence in not having the assignment to the certificate of title sworn to under oath and notarized.

■ Appellant commenced its action on May 23, 1958, and replevied the automobile on June 1, 1958. Trial commenced November 16, 1959, and final judgment was entered March 31, 1960. The lower court found in favor of appellee in the amount of $2400.-00 together with 6% interest per annum from June 1, 1958, until paid. Appellant urges that the trial court misunderstood the measure of damages since it fixed the value of the automobile on the basis of the amount that it was worth nineteen months prior to the time of trial and not its value at the time of trial as required by A.R.S. § 12–1308. The uniform holding of this Court is that the measure of damages in an action in replevin is the value of the article at the time of trial plus damages for the wrongful detention. Coffey v. Williams, 69 Ariz. 126, 210 P.2d 959; Consolidated National Bank of Tucson v. Cunningham, 24 Ariz. 437, 210 P. 850.

The appellee introduced evidence that, after making minor repairs, he sold the automobile at wholesale for $2,415.00 approximately five days after he purchased it. The lower court as a trier of fact could reasonably conclude that the value of the automobile at time of trial plus the minimum damages suffered by appellee for its wrongful detention was the sum of $2400.00 for the reason that whatever may have been the value of the motor vehicle at the date of trial, its value at that time plus an amount for its wrongful detention could not be less than the actual out-of-pocket loss to appellee. Had appellee established further damages by reason of loss of use, he might have been entitled to a judgment in a greater sum. But here, through the wrongful detention of appellee's automobile, he was deprived of the monetary value and therefore is entitled to interest on his out-of-pocket loss running from the date of the replevin.

■ Appellant asserts that appellee's answer does not allege he is the owner of the property replevied, entitled to its possession, nor does it include a demand for its return. See A.R.S. § 12–1308. Appellee's answer alleges the facts herein set forth concerning the purchase of the automobile and that the replevy was wrongful. He prayed

that it be returned to him or in the alternative he be given its fair value. Appellee's allegations of fact raise an inference of the legal conclusions necessary to state a claim under the cited statute. Further discussion of this point is unnecessary.

Judgment affirmed.

UDALL, C. J., and JENNINGS, J., concurring.