**Maryalma YOUSEY, Appellant,**

v.

**John BOGLE, Appellee.**

**No. 4902.**

Court of Civil Appeals of Texas, Waco.

July 30, 1970.

Rehearing Denied Aug. 20, 1970.

Cooper & Winikates, Charles J. Winikates, Dallas, for appellant.

Woodruff, Hill, Kendall & Smith, Robert M. Hill, Gerald B. Rickey, Warren Berzett, Dallas, for appellee.

## OPINION

WILSON, Justice.

Plaintiff sued defendant for title and possession of an automobile. Defendant, a used car dealer, answered that plaintiff had delivered possession of the vehicle together with the title certificate and license receipts to a third person who purchased it for $1900; and that plaintiff had executed an assignment of the title on the certificate of title before a notary. Alternatively, defendant asserted plaintiff was estopped to claim title and possession, having clothed the third person with indicia of title. Plaintiff denied under oath that she executed the assignment, or that she ever appeared before a notary.

A jury found that plaintiff did not sign the assignment on the certificate of title, but also found she "failed to use ordinary care" in the delivery of the automobile, title papers, license receipts and tire guarantee to the third person, on whose possession of which defendant relied.

Plaintiff's motion for instructed verdict was overruled, as was her motion for judgment non obstante veredicto. The record shows no objections to the charge by plaintiff.

■ Defendant complains that plaintiff's assignment in her motion for new trial, that the court erred in overruling her motion for judgment non obstante veredicto, is too general, and will not support the point presenting that question. This assignment is not required to be raised by motion for new trial. Rule 324, Texas Rules of Civil Procedure. See Wagner v. Foster (1961) 161 Tex. 333, 341 S.W.2d 887.

Plaintiff testified she did not sign the title assignment on the certificate of title which showed she was the owner of the automobile, and did not authorize anyone to sign it for her. It is undisputed that she did not appear before the notary whose name is shown on the assignment, and that the notary whose name appears did not sign. Plaintiff had advertised the car for sale in the newspaper, in response to which a man came to her house on Sunday who gave his name as J. W. Parker.

The court refused to permit plaintiff to testify to the conversation with this person which led to her releasing possession of the

car, but since it is not necessary for us to consider the finding of negligence, on which issue it was material, we do not pass upon the assignment complaining of exclusion of the evidence. The court did admit plaintiff's testimony that she permitted the third person to drive off in the car with the unendorsed title certificate (which showed she was the owner), with the receipts and guarantee in the glove compartment.

Defendant purchased the car from the third person (who gave his name to defendant as Taylor), accepting the title certificate without the purchaser's name being filled in on the title assignment.

■ We recognize the rule relied on by defendant that where the owner of a chattel places one in possession of it and clothes him with indicia of ownership, the true owner is estopped to claim title and possession against an innocent or good faith purchaser. McKinney v. Croan (1945), 144 Tex. 9, 188 S.W.2d 144, 146; Continental Oil Co. v. Lane Wood & Co. (Tex.Sup. 1969), 443 S.W.2d 698; Continental Credit Corporation v. Norman (TCA, San Antonio, 1957, writ ref. n. r. e.) 303 S.W.2d 449, 453 and cases cited; Ann., 18 A.L.R.2d 813.

■■ This rule does not apply, however, where the assignment of the certificate of title is forged. Although we find no decision in Texas passing on the latter question, it is a uniformly established rule elsewhere. A forged certificate will not pass title. Winship v. Standard Finance Co., 40 Ariz. 382, 12 P.2d 282, 283; White v. Pike (1949), 240 Iowa 596, 36 N.W.2d 761, 764; Erie County United Bank v. Fowl, 71 Ohio App. 220, 49 N.E.2d 61; Moss v. John A. McCrane Motors, 9 N.J. 309, 88 A.2d 195, 198; Blaylock v. Herrington, 219 Ark. 939, 245 S.W.2d 576, 577; Mitchell v. Porter, 123 Cal.App. 329, 11 P.2d 58, 59; People's Trust Co. v. Smith, 215 N.Y. 488, 109 N.E. 561 and authorities cited; 60 C. J.S. Motor Vehicles § 42(5), p. 303; 7 Blashfield, Automobiles (1950), § 4258, p. 115. See 18 A.L.R.2d 813, 828, 840. The only decision we find to the contrary (and appellee cites none) is Arsen v. Director of Div. of Motor Vehicles (1960), 61 N.J. Super. 131, 160 A.2d 192. The fact that the Supreme Court of its state had held to the contrary does not appear to have been called to the attention of the Superior Court.

Dublin Nat. Bank v. Chastain (Tex.Civ. App., 1942, writ ref.), 167 S.W.2d 795 supports our decision.

We are not called upon to pass on the effect of defendant's reliance on a certificate of title where there is an incomplete transfer, the purchaser's name being left blank. See authorities cited, Fick v. Mills, TCA (1951), 347 S.W.2d 381.

The motion for judgment non obstante veredicto should have been sustained.

The judgment is reversed and here rendered that appellant recover title and possession of the automobile.