482 P.2d 905

**Wayne E. PHELPS, Cost Plus Ten Markets, Inc., a corporation, Appellants,**

v.

**Lester MELTON and Ethel Melton, husband and wife, Appellees.**

**No. 1 CA-CIV 1277.**

Court of Appeals of Arizona, Division 1.

March 25, 1971.

Rehearing Denied April 15, 1971.

Standage, Allen & Phelps, by Gove L. Allen, Mesa, for appellants.

Doherty & Becker, by Mathis Becker, Phoenix, for appellees.

KRUCKER, Chief Judge.

This appeal questions only the amount of damages awarded the appellees-defendants as a result of a replevin action involving five air-cooled gas engines and a welder.

Appellants, plaintiffs below, instituted an action to recover possession of this equipment, posted a replevin bond and obtained possession of the equipment. Appellees, defendants below, counterclaimed for damages, claiming ownership of the subject property which had been sold to them by one Harraway. The case was tried to the jury which resolved the question of ownership in favor of the buyers, apparently finding that Harraway had ostensible authority to make the sale. It returned a verdict in the amount of $600, the purchase price of the property, and $1,750 as damages for the wrongful detention thereof.[1]

Plaintiffs moved for a new trial, or, in the alternative, a remittitur, and for judgment n.o.v., asserting various grounds therefor, including the trial court's failure to instruct as to the proper measure of damages and the insufficiency of the evidence to support the damages awarded for wrongful detention. The motions were denied and this appeal followed, raising these same grounds.

The jury found the defendants to be the owners of the property, and the law of this State is quite clear that the measure of damages is the value of the property wrongfully taken and held, plus damages for wrongful detention. United Producers & Consumers Co-op., Inc. v. O'Malley, 103 Ariz. 26, 436 P.2d 575 (1968); General Motors Acceptance Corp. v. Hill, 95 Ariz. 347, 390 P.2d 843 (1964); General Insurance Co. of America v. Deen, 3 Ariz.App. 187, 412 P.2d 869 (1966).

1. Plaintiffs regained possession of the equipment on September 8, 1966, and the trial commenced on June 19, 1968.

There is no claim of error with respect to the jury's determination that the defendants were entitled to recover $600 as the value of their property. The court, however, instructed the jury that if it resolved the issue of ownership in favor of the defendants:

"* * * you should find and award the following: first, the reasonable value of the subject property; and second, the economic loss in the amount of $————.[2]

▮ We agree with plaintiffs' argument that the trial court has a duty to instruct the jury with respect to the measure of damages. City of Phoenix v. Wade, 5 Ariz.App. 505, 428 P.2d 450 (1967). However, if plaintiffs were dissatisfied with the instruction given, they had a duty to call it to the trial court's attention. This they did not do and therefore cannot be heard to complain. Consolidated Nat. Bank v. Cunningham, 28 Ariz. 518, 238 P. 332 (1925).

▮ Although plaintiffs did not object to the "economic loss" instruction, they are not thereby foreclosed from raising the question of the sufficiency of the evidence to support the jury's award of damages for the wrongful detention. Greenwood v. Olympic, Inc., 51 Wash.2d 18, 315 P.2d 295 (1957); 88 C.J.S. Trial § 426. In order to award damages for loss of use, there must be some competent evidence establishing the usable value of the property. Butler v. Mirabelli, 179 So.2d 868 (Fla.Dist.Ct.App. 1965); Michalowski v. Ey, 7 N.Y.2d 71, 195 N.Y.S.2d 633, 163 N.E.2d 863 (1959); Palmer v. Kelly, 52 Ariz. 98, 79 P.2d 344 (1938). Where, however, no usable value is shown, recovery for wrongful detention is limited to the interest on the value of the property during such detention. General Motors Acceptance Corp. v. Hill, supra; 77 C.J.S. Replevin § 276. We believe

that such is the case here. Our examination of the testimony at trial and the responses to interrogatories admitted into evidence discloses that defendants' evidence fails to establish a usable value.

Mr. Melton testified that the engine on his welder had worn out and he "needed to buy another one;" also, that he used it on a job in Yuma. His son testified that his father needed the engine to put on a welder which he used in his employment and that he suggested purchasing the other four because he thought "we could end up cleaning them all up and everything if they was good, that we might be able to make fifty bucks on them." In response to an interrogatory as to defendants' claim for loss of use, Mr. Melton stated:

"We put one motor on our welder which I use on my jobs. I was going to fix the welder in question, with one of the motors to either rent or sell."

He also stated that he would have used the one motor continuously "on the different jobs that I work on in construction" and that the compensation that would have been realized from its use "depends on the length of time used on each job."

▮ Although damages need not be proven to a mathematical certainty, we do not believe the foregoing evidence suffices to prove the usable value of the property. Therefore, the judgment is reversed and the cause remanded with directions to enter judgment in favor of the defendants in the sum of $600, together with interest thereon for the period of the wrongful detention.

HATHAWAY and HOWARD, JJ., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.

---

2. A preceding instruction, with reference to a finding in favor of the plaintiffs, told the jury that it should include in the damages:
   "* * * the economic loss * * * by virtue of having been deprived of the use of the property during the period when said property was wrongfully retained."